UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TDC SPECIALTY INSURANCE CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2455** |
| **LOUISIANA HEALTHCARE CONSULTANTS, LLC ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court are Defendants' Nancy Anderson, Jayme Songy, Joy Maguno, Janice Verdin, Donise Boscareno, and Michael Russo's Motions to Dismiss for Lack of Jurisdiction (Docs. 93, 127, 128). For the following reasons, the Motions are **DENIED**.

### BACKGROUND

On August 27, 2021, as Hurricane Ida loomed, 843 nursing home residents at homes owned or controlled by Defendant Bob Dean, Jr. (the "Dean Entities") were evacuated to a warehouse. At the warehouse, residents did not have "adequate food, shelter, healthcare, or even toileting for days" leading to injuries and death. As a result, a class action on behalf of the nursing home residents was filed on September 6, 2021 against the Dean Entities in the 24th Judicial District Court of Louisiana, captioned *Nancy Anderson v. Bob Dean,*

*Jr.* (the "Anderson Action").[1] In the Anderson Action, the class of plaintiffs reached a settlement with all Dean Entities and their insurers for all of the available insurance proceeds covering the Dean Entities.

Plaintiff in this action, TDC Specialty Insurance Co. ("TDC"), is an insurer of the Dean Entities, and it agreed to the settlement reached in the Anderson Action. However, TDC and the Anderson Action class did not agree on whether the applicable coverage limit of TDC's policy was $1 million or $3 million. TDC, therefore, agreed to contribute $1 million towards the settlement of the Anderson Action, and the Anderson Action class reserved the right to establish the additional coverage at a later date. After a hearing, Judge Michael Mentz of the 24th Judicial District Court approved the settlement fund in November 2022. The settlement is a non-opt out agreement covering a class of all residents that were evacuated from a nursing home owned by a Dean Entity prior to Hurricane Ida.

On August 2, 2022, after the principal terms of the settlement of the Anderson Action were agreed upon but before it was submitted to the state court for approval, TDC filed this action in federal court. TDC asks this Court for a declaratory judgment on the available limits of the policy, that various exclusions apply to the claims of the plaintiffs in the Anderson Action, and that the Dean Entities must reimburse it for defense costs incurred in the Anderson Action to the extent that a defense was not owed due to a coverage exclusion.

---

[1] Doc. 93-4.

TDC has named all of the Dean Entities, all of the members of the Anderson Action class of plaintiffs, and others as defendants in this action.

In this Motion, Plaintiffs from the Anderson Action, Nancy Anderson, Jayme Songy, Joy Maguno, and Janice Verdin, have moved for dismissal of this action, arguing that adjudication is improper in federal court because the issue is subject to pending state court litigation and asking this Court to abstain under the *Brillhart* and *Colorado River* abstention doctrines. Defendants Donise Boscareno and Michael G. Russo have each separately filed Motions to Dismiss adopting those same arguments. Movants argue that TDC's action is an attempt to avoid a decision by the state court on the coverage issue reserved in the settlement agreement. They argue that the state court retained jurisdiction to decide the coverage issue in the agreement and that this action is in contravention thereof. TDC opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.

3

sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Movants ask this Court to abstain from hearing this matter under either the *Brillhart* or *Colorado River* abstention doctrines. This Court will consider each in turn.

### A. *Brillhart* Abstention

The Declaratory Judgment Act explains that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[9] In *Brillhart v. Excess Ins. Co. of America*, the Supreme Court held that where a district court is presented with a claim under the Declaratory Judgment Act and where there is a pending state court action between the same parties involving the same issues, "it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in

---

[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] 28 U.S.C § 2201(a).

4

the proceeding pending in the state court."[10] Movants ask this Court to abstain under *Brillhart*.

TDC correctly points out, however, that *Brillhart* abstention does not apply where a complaint is not limited to declaratory relief. Indeed, the Fifth Circuit has held that when an action contains "any claim for coercive relief," the *Colorado River* abstention doctrine applies instead of *Brillhart*, and "[t]he only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the *Brillhart* standard."[11]

Here, TDC has sought reimbursement of its defense costs, as well as declaratory relief. In *American Guarantee & Liability Insurance Co. v. Anco Insulations, Inc.*, the Fifth Circuit held that *Brillhart* could not apply where an insurer sought "both a declaration of its rights and liabilities under insurance policies issued to Anco as well as restitution for amounts it paid to defend or indemnify Anco that it alleges exceeded the policies' limits."[12] Other sections of this Court have also held that *Brillhart* cannot apply where an insurer has requested reimbursement of defense costs incurred in a state court proceeding.[13] Movants do not argue that TDC's reimbursement claims are frivolous or made solely to avoid application of the *Brillhart* standard. Their sole argument here is that coercive relief is only sought against some parties

---

[10] 316 U.S. 491, 496 (1942).

[11] New England Ins. Co. v. Barnett, 561 F.3d 392, 397 (5th Cir. 2009).

[12] 408 F.3d 248, 251 (5th Cir. 2005).

[13] BITCO General Ins. Corp. v. Dash Bldg. Material Center, Inc., No. 18-13951, 2019 WL 1254891 at *3 (E.D. La. March 19, 2019); *see also* Am. Empire Surplus Lines Ins. Co. v. Davie Shoring, Inc., No. CV 17-3441, 2017 WL 3393998, at *5 (E.D. La. Aug. 8, 2017). *But see* HGS Glob. Specialty SE v. Lakeview Constr. & Dev., L.L.C., No. 20-1670, 2020 WL 6503614, at *4 (E.D. La. Nov. 5, 2020).

5

in this action. However, they fail to cite any case law or provide compelling argument suggesting that this distinction dictates a different outcome. Accordingly, only the *Colorado River* abstention doctrine can apply here.

### B. Colorado River Abstention

"Typically, 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction' because the federal court's obligation to exercise its given jurisdiction is 'virtually unflagging.'"[14] However, the *Colorado River* abstention doctrine allows a court to abstain from exercising its jurisdiction under exceptional circumstances. *Colorado River* applies "when suits are parallel, having the same parties and the same issues."[15] "Under *Colorado River*, a district court may abstain from a case only under 'exceptional circumstances.'"[16] The Supreme Court has identified six factors to consider in deciding whether "exceptional circumstances" exist:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[17]

The factors are to be weighed "with the balance heavily weighted in favor of the exercise of jurisdiction."[18]

---

[14] *BITCO Gen. Ins. Corp.*, No. CV 18-13951, 2019 WL 1254891, at *3 (E.D. La. Mar. 19, 2019) (quoting *Colorado River*, 424 U.S. at 817).
[15] Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006).
[16] *Id.*
[17] *Id.*
[18] *Id.*

6

As a threshold matter, the Court must determine whether the Anderson Action and this action are parallel. To determine whether actions are parallel, "a court may look both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding."[19] The Fifth Circuit has stated that the identity of the parties and issues need not be precise. "The critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action."[20]

The Court agrees with TDC that these matters are not parallel. The Anderson Action does not encompass all of the litigation arising out of the Dean Entities' treatment of its nursing home residents during Hurricane Ida. Indeed, TDC contends that there are 37 different lawsuits and 9 class actions in 6 jurisdictions.[21] TDC's action here purports to add as a defendant every party with a claim to its policy. The settlement of the Anderson Action purported to resolve the claims of the residents of the Dean Entities' nursing homes who were evacuated during Hurricane Ida.[22] There are other parties, however, with claims to TDC's policy. For example, Movants Michael Russo and Donise Boscareno were not parties to the Anderson Action and have sought coverage under the Policy for claims that name them as defendants.[23] The Anderson Action settlement also expressly excludes medical malpractice

---

[19] Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp., 851 F.3d 507, 520 (5th Cir. 2017).
[20] Bar Grp., LLC v. Bus. Intelligence Advisors, Inc., 215 F. Supp. 3d 524, 543 (S.D. Tex. 2017).
[21] Doc. 120.
[22] Doc. 120-3 at 54.
[23] Doc.1.

7

causes of action.[24] Further, the Anderson Action does not encompass TDC's claim for reimbursement of defense costs.[25] Accordingly, this Court cannot say that "the state proceeding would be dispositive of" or dispose of all claims in this action.[26]

Here again, the Fifth Circuit's decision in *Anco Insulations* is instructive. In *Anco Insulations*, the Fifth Circuit reviewed a district court's decision to stay litigation between Zurich American Insurance Co. ("Zurich") and Royal Indemnity Company ("Royal") against Anco Insulations, Inc. ("Anco") pending the outcome of a state proceeding between Zurich and Anco involving common issues.[27] The court explained that:

> [R]egardless of whether the district court applied the *Brillhart* or *Colorado River* standard, its grant of the stay was an abuse of discretion. Here, Zurich seeks both a declaration of its rights and liabilities under insurance policies issued to Anco as well as restitution for amounts it paid to defend or indemnify Anco that it alleges exceeded the policies' limits. The district court's discretion to stay based only on concerns of wise judicial administration was therefore governed by the *Colorado River* standard, and application of the *Brillhart* standard was inappropriate. In addition, . . . the federal and state proceedings are not parallel. While the two suits share some issues between Zurich and Anco, Royal is not a party to the state suit. In addition, the state action does not encompass Zurich's claim for restitution. The court thus

---

[24] Doc. 93-8 at 5.

[25] There is also some debate about whether TDC is even a party to the Anderson Action. The state court action was filed in September 2021. "TDC Specialty Underwriters" was added as a defendant in the state court action on August 4, 2022. This action was filed on August 2, 2022 by TDC Specialty Insurance Co. This Motion was filed on January 18, 2023. At oral argument, Movants represented that TDC Specialty Insurance Co. had been added as a defendant to the Anderson Action on February 1, 2023. However, this Court need not address this issue because there are many other dissimilarities between the actions.

[26] *Air Evac EMS, Inc.,* 851 F.3d at 520.

[27] *Anco Insulations, Inc.,* 408 F.3d at 251–52.

lacked discretion under *Colorado River* to stay in favor of the state suit.[28]

As in *Anco*, there are parties to this matter that are not parties to the Anderson Action and claims in this matter that are not encompassed in the Anderson Action. Accordingly, these matters are not parallel, and this Court lacks discretion under *Colorado River* to abstain from exercising its jurisdiction.

Even assuming that these matters are parallel, however, this Court does not find any exceptional circumstance warranting abstention. Neither court has jurisdiction over a res, neither is substantially more convenient, and the issues are governed by state law. Further, this action was the first filed and is the best situated to protect TDC's rights because, unlike in the Anderson Action, all parties with a claim to TDC's policy are joined here.[29] Further, the Anderson Action will not resolve all the issues before this Court, which may result in piecemeal litigation as to TDC's policy. Accordingly, there are no exceptional circumstances or "the clearest of justifications" to permit the surrender of jurisdiction under *Colorado River*.[30]

## CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.

---

[28] *Id.*

[29] This matter was filed on August 2, 2022. TDC was not added as a party to the Anderson Action until February 1, 2023. Movants argue that the addition of TDC to the Anderson Action should relate back to the time of the filing of the matter in September 2021, making the Anderson Action the first-filed. Movants do not provide any case law, however, suggesting that the relation back doctrine is applicable in determining whether an action was the first-filed. Accordingly, this matter was the first-filed.

[30] Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 651 (5th Cir. 2000).

New Orleans, Louisiana this 26th day of April, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**